Filed 5/23/22  P. v. Duncan CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE, | B312562 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. BA213135 |
| CAESAR DUNCAN, |  |
| Defendant and Appellant. |  |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen A. Marcus. Affirmed.

John Steinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Wyatt E. Bloomfield, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2003, a jury convicted defendant and appellant Caesar Duncan of second-degree murder and conspiracy to commit murder. In 2019, Duncan filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court granted Duncan relief on the murder conviction, but concluded he was ineligible for relief as a matter of law on the conspiracy to commit murder conviction. On appeal, Duncan contends the trial court erred by denying him relief on the conspiracy to commit murder conviction, arguing the jury could have convicted him under the natural and probable consequences doctrine. We are not persuaded. On its face, section 1170.95 does not apply to convictions for conspiracy to commit murder. Moreover, Duncan's conspiracy to commit murder conviction required a finding by the jury that he harbored the intent to kill, making him ineligible for relief under the statute. The order denying him relief on the conspiracy to commit murder conviction is therefore affirmed.

# BACKGROUND[2]

As noted above, in 2003, a jury convicted Duncan of second-degree murder (§ 187, subd. (a); count one) and conspiracy to commit murder (§ 182, subd. (a)(1); count three). The jury also found various firearm allegations true on those counts, although

---

1      All undesignated statutory references are to the Penal Code.

2      The following is a summary of the relevant procedural background relating to Duncan's section 1170.95 petition. We omit any recitation of the facts underlying his conspiracy to commit murder conviction because they are not relevant to the issues presented in this appeal.

the trial court later ordered those allegations stricken. (§ 12022.53, subds. (c), (d), (e)(1).) The trial court sentenced Duncan to 25 years to life on the conspiracy to commit murder count. It sentenced him to a concurrent term of 15 years to life on the second-degree murder count.

In 2019, Duncan filed a petition for resentencing under section 1170.95. The trial court appointed counsel, considered briefing from both parties, then held a prima facie hearing on the petition. At the hearing, the prosecution conceded the court should grant relief on Duncan's murder conviction. The court accepted the prosecution's concession. The court denied Duncan relief on his conspiracy to commit murder conviction, concluding it did not "come within the ambit of Penal Code section 1170.95."

At the resentencing hearing, Duncan's attorney renewed the argument that section 1170.95 should apply to the conspiracy to commit murder conviction. The trial court again rejected the contention, noting that section 1170.95 does not refer to conspiracy to commit murder, and the jury's guilty verdict on that count necessarily included a finding of intent to kill. The court also noted the natural and probable consequences doctrine was irrelevant because Duncan was convicted of conspiracy to commit murder, not conspiracy to commit a different crime that resulted in murder. The court explained: "So [the natural and probable consequences doctrine] doesn't apply in this case. There was no target crime. This was conspiracy to commit murder." The trial court vacated Duncan's murder conviction and resentenced him to the previously-imposed 25 years to life term on the conspiracy to commit murder count.

Duncan timely appealed.

3

**DISCUSSION**

## I. Governing Law: Senate Bill 1437 and Section 1170.95

The Legislature enacted Senate Bill 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)[3]

SB 1437 also added section 1170.95 to the Penal Code. (Stats. 2018, ch. 1015, § 4.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include a declaration by the petitioner that he or she is eligible for relief under section 1170.95 based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1170.95, subd. (b)(1).)

---

3    Though it is not directly relevant to this appeal, we note that effective January 1, 2022, Senate Bill 775 amended section 1170.95 to provide relief for individuals convicted of attempted murder and voluntary manslaughter under certain circumstances. (Stats. 2021, ch. 551.)

Subdivision (c) of section 1170.95 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." Our Supreme Court has explained that "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition [citations], and that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' [Citation.]" (*Lewis*, *supra*, 11 Cal.5th at p. 957, italics in original.)

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' (§ 1170.95, subd. (d)(1).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to

support their positions, and "the burden of proof shall be on the prosecution . . . to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

## II. Analysis

Duncan argues the trial court erred in concluding he was ineligible for relief as a matter of law on his conspiracy to commit murder conviction. He specifically contends the jury could have convicted him on the theory that the murder was a natural and probable consequence of aiding and abetting or conspiring to commit an assault with a deadly weapon. He therefore asks this court to remand the case for an evidentiary hearing. We reject his contention and deny his request. Section 1170.95, which allows relief for certain individuals convicted of murder, attempted murder, and manslaughter, does not state that the crime of conspiracy to commit murder is included within its ambit. (See § 1170.95, subd. (a).) Additionally, a review of the jury instructions here regarding conspiracy to commit murder shows the jury made a finding of express malice, which remains a valid theory of murder liability under current law. (See §§ 187, subd. (a), 188, subd. (a) [express malice remains a valid theory of murder liability]; *People v. Swain* (1996) 12 Cal.4th 593, 607 ["[A] conviction of conspiracy to commit murder requires a finding of intent to kill, and cannot be based on a theory of implied malice."]; *People v. Beck and Cruz* (2019) 8 Cal.5th 548, 641 ["'[A]ll conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberate first degree murder.' [Citation.]"].) For these reasons, the trial court was correct in concluding Duncan is ineligible for relief as a matter of law on his conspiracy to commit murder conviction.

## DISPOSITION

The order denying Duncan section 1170.95 relief on his conspiracy to commit murder conviction is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



CURREY, J.


We concur:



MANELLA, P.J.



WILLHITE, J.